# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

### Holding a Criminal Term

### Grand Jury Sworn in on November 12, 2010

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 12-042 (BAH) |
| | : | |
| v. | : | GRAND JURY ORIGINAL |
| | : | |
| THAXTON YOUNG, JR., | : | VIOLATIONS:  21 U.S.C. § 846 |
| also known as "Thax," | : | (Conspiracy to Distribute and Possess with |
| EUGENE REGINALD MCDUFFIE, | : | Intent to Distribute 100 Grams or More of |
| also known as "Reggie," and | : | Heroin) |
| GERRY DUANE BURNETT, | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Distribution of Heroin) |
| Defendants. | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Heroin) |
| | : | 21 U.S.C. § 841(a)(1) and § 841(b)(1)(D) |
| | : | (Unlawful Possession with Intent to |
| | : | Distribute Marijuana) |
| | : | 21 U.S.C. § 853 |
| | : | (Criminal Forfeiture) |

### I N D I C T M E N T

The Grand Jury charges that:

#### COUNT ONE

From in or about August 2011, the exact date being unknown to the Grand Jury, and continuing through at least March 1, 2012, **THAXTON YOUNG, JR.,** also known as "Thax," **EUGENE REGINALD MCDUFFIE**, also known as "Reggie," and **GERRY DUANE BURNETT**, within the District of Columbia, the State of Maryland, the State of New York, the State of Pennsylvania and elsewhere, did knowingly and intentionally combine, conspire, confederate and agree together and with other persons both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture and substance

containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, and the amount of said mixture and substance was 100 grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i).

> (**Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or more of Heroin,** in violation of Title 21, United States Code, Section 846)

## COUNT TWO

On or about September 16, 2011, within the District of Columbia, **EUGENE REGINALD MCDUFFIE**, also known as "Reggie," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

> (**Unlawful Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT THREE

On or about November 2, 2011, within the District of Columbia, **EUGENE REGINALD MCDUFFIE**, also known as "Reggie," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

> (**Unlawful Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT FOUR

On or about January 5, 2012, within the District of Columbia, **EUGENE REGINALD MCDUFFIE**, also known as "Reggie," did unlawfully, knowingly and intentionally distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

(**Unlawful Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT FIVE

On or about March 1, 2012, within the District of Columbia, **GERRY DUANE BURNETT**, did unlawfully, knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

(**Unlawful Possession with Intent to Distribute Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C))

## COUNT SIX

On or about March 1, 2012, within the District of Columbia, **GERRY DUANE BURNETT**, did unlawfully, knowingly and intentionally possess with the intent to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance.

(**Unlawful Possession with Intent to Distribute Marijuana**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D))

## FORFEITURE ALLEGATION

1. The offenses charged in Counts One through Four of this Indictment, that is: (1) unlawful **Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or more of Heroin,** in violation of Title 21, United States Code, Section 846 (Count One), and (2) **Unlawful**

**Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) (Counts Two through Four) are re-alleged and hereby incorporated by reference as if set forth fully herein for the purpose of alleging forfeiture pursuant to Title 21, United States Code, Section 853.

      2.    As a result of the said offenses, the defendants shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853: (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations; and (2) any of defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations. The property to be forfeited includes but is not limited to:

    (a)    **Money Judgment**:

        (i) judgment to be entered against defendants in favor of the United States of America for the sum of at least seven thousand one-hundred fifty dollars and no cents, which is equal to the value of the property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the felony offenses of unlawful **Conspiracy to Distribute and Possess with Intent to Distribute 100 Grams or more of Heroin** and **Unlawful Distribution of Heroin** for which the defendants are jointly and severally liable.

By virtue of the commission of the felony offenses charged in Counts One through Four of this Indictment, any and all interest that defendants have in (1) any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the said violations; and (2) any of defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violations, is vested in the United States and hereby forfeited to the United States pursuant to Title 21, United States Code, Section 853.

3.      If any of the property described above as being subject to forfeiture pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of any defendant or defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be subdivided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of any property listed above as being subject to forfeiture.

(**Criminal Forfeiture**, pursuant to Title 21, United States Code, Section 853)

A TRUE BILL:


FOREPERSON.


Attorney of the United States in
and for the District of Columbia.